**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-40630**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**


**VERSUS**


**JOE REN MOON,**

**Defendant-Appellant.**


_____

Appeal from the United States District Court
For the Southern District of Texas

(C-95-CV-99)
_____
October 8, 1997


Before GARWOOD, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]


Joe Ren Moon appeals the district court's denial of his Motion
Requesting Reentering of Judgment.  Finding no abuse of discretion
in the trial court's denial of that motion, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

In September 1993, Moon was convicted of being a felon in possession of a firearm, and was sentenced to a period of seventy months incarceration. Moon did not appeal his conviction or his sentence.

Seventeen months later, in February 1995, Moon secured new counsel, and filed a post-conviction motion seeking relief under 28 U.S.C. § 2255. The government responded to Moon's motion, and the motion was referred to a magistrate judge. On July 12, 1995, the magistrate judge filed a report and recommendation that Moon's post-conviction motion be denied. Moon responded with timely objections.

On March 14, 1996, Moon filed a Request for Clarification of Record, which asked the district court to update him with regard to the status of the case. Shortly thereafter, on March 19, 1996, the district court entered an order denying Moon's § 2255 motion for relief from the criminal judgment against him. The docket sheet reflects that copies of the March 19 order and judgment denying Moon's § 2255 motion were mailed to both Moon and his counsel. Moon's personal copy was later returned undelivered. In addition, Moon's counsel maintains that he did not receive the copy mailed to him at that time.

On May 16, 1996, Moon filed a Motion to Expedite and a separate Motion for Medical Furlough. The basis of those motions

was that Moon needed to be released so that he could provide solace to his fiancé, who had become suicidal in his absence.

On May 20, 1996, having received Moon's undelivered copy of the March 19 judgment from the post office, the district court sent duplicate copies of the March 19 order and judgment to Moon and his counsel. Moon contends that this notice was first received by his counsel on May 24, 1996. On May 28, 1996, Moon filed a Motion Requesting Reentering of Judgment, claiming that he did not receive notice of the March 19 judgment until after the time allowed for appeal. This motion to reenter judgment is not verified and there is nothing in the record which supports his allegation that his counsel did not receive notice.

Moon filed an untimely appeal from the March 19 judgment on June 6, 1996. This Court dismissed that appeal in August 1996. *United States v. Moon*, No. 96-40578 (5th Cir. Aug. 6, 1996). The disposition of Moon's June 6 appeal was made expressly without prejudice, however, as to this separate appeal from the district court's denial of Moon's Motion Requesting Reentering of Judgment.

On June 11, 1996, the district court entered an order summarily denying Moon's Motion Requesting Reentering of Judgment as being "without good cause." Moon filed a timely notice of appeal from the June 11 order, and this appeal ensued.

**DISCUSSION**

3

Moon's appeal from the district court's March 19 judgment needed to be filed no later than May 19, 1996.  FED. R. APP. P. 4(a).  Moon's request that the district court reenter the identical judgment with a later date would have allowed Moon an additional sixty days to appeal.  Moon's sole argument in favor of his motion was that the clerk did not serve notice of the March 19 judgment until May 24, 1997, which was seven days after the time allowed for the filing of an appeal.

## Avoiding the Judgment - Rule 60(b)

Moon's Motion Requesting Reentering of Judgment did not provide any citations and did not direct the district court to any rules of civil or appellate procedure that would authorize the relief requested.  Because Moon's motion sought to completely avoid the district court's March 19 judgment, it is most fairly characterized as requesting relief under Federal Rule of Civil Procedure 60(b).   The law of our Circuit is well-settled that Rule 60(b) does not vest unfettered discretion in the district court to extend the time for filing an appeal.  *See Lancaster v. Presley*, 35 F.3d 229, 231-32 (5th Cir. 1994); *Jones v. W.J. Servs. Inc.*, 970 F.2d 36, 37-38 (5th Cir. 1992); *Wilson v. Atwood Group*, 725 F.2d 255 (5th Cir. 1984).  Specifically, neither Rule 60(b) nor Moon's representation that he did not receive timely notice of the judgment authorized the district court to restart the appellate

time clock, thereby affording Moon an additional sixty days to appeal the March 19 judgment.

**Enlarging the Time for Appeal - Rule 4(a)(6)**

Moon argues on appeal that the district court could have enlarged the time for appeal by applying Federal Rule of Appellate Procedure 4(a)(6). Federal Rule of Civil Procedure 77(d) and Federal Rule of Appellate Procedure 4(a) define the scope of relief available to a party who claims he did not receive notice of the judgment.[2] Federal Rule of Civil Procedure 77(d) requires the clerk of the district court to mail notice of the entry of any order or judgment to all parties, and to make a note of the mailing on the docket sheet. Rule 77(d) further provides:

> Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or

---

[2] Federal Rule of Civil Procedure 77(d) is substantively identical for all purposes raised by this appeal to Federal Rule of Criminal Procedure 49(c). Rule 12 of the Rules Governing § 2255 Proceedings authorizes the Court, in its discretion, to follow the Federal Rules of Civil Procedure in the adjudication of § 2255 matters. *See Lancaster v. Presley*, 35 F.3d 229, 232 n.2 (5th Cir. 1994) (noting effect of amendments to FED. R. CIV. P. 77(d) and FED. R. APP. P. 4(a) in § 2254 appeal).

5

any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Rule 4(a)(6) requires findings by the district court (1) that Moon did not receive notice of the judgment within 21 days of entry, and (2) that no party would be prejudiced by enlargement of the time for appeal. We are deprived of those findings in this case because neither Moon's motion nor the relief requested therein were framed in the terms contemplated by Rule 4(a)(6).

What we have instead is the contested assertion of Moon's counsel that notice was not received. That some notice was mailed on March 19 is evidenced by the docket entry stating that the parties were notified as well as the subsequent return of Moon's personal copy by the Post Office. Moreover, Moon's counsel does not dispute that he successfully received notice of other docket entries from the district clerk.

Moon is not before this Court pro se. Rather, he is represented, and was represented in the district court by counsel who is admitted to practice in many of our federal district and circuit courts. We are not, therefore, constrained to liberally construe Moon's motion to request relief under any unnamed avenue that might allow him additional time to perfect an appeal. Moreover, this case does not present the tangible logistics problems associated with serving notice upon an incarcerated

6

prisoner.

Assuming that we were willing to construe Moon's pleadings liberally, and assuming that we are free to overlook the absence of required findings, and assuming further that the district court would find that Moon did not receive notice of the March 19 judgment until May 24, 1996, Moon's May 28 Motion Requesting Reentering of Judgment, which was filed only four days later, would be timely as defined by Rule 4(a)(6). Nevertheless, our inquiry does not end there.

The provisions of Federal Rule of Civil Procedure 77(d) and Federal Rule of Appellate Procedure 4(a)(6) are permissive. That is, compliance with the time requirements of Federal Rule of Appellate Procedure 4(a)(6) permits, but does not require, the district court to enlarge the time allowed for appeal. *Jones*, 970 F.2d at 39. Moreover, the district court's denial of a Rule 4(a)(6) motion to enlarge the time for appeal is reviewed for abuse of discretion only. *Id.* at 36, 39. "It is not enough that the granting of relief might have been permissible, or even warranted -- denial must have been so unwarranted as to constitute an abuse of discretion." *Id*. at 39 (internal quotations omitted).

Based upon the facts of this case, we cannot conclude that an abuse of discretion occurred. Our Court has generally held that the clerk's failure to mail notice of the judgment, without more, does not require the district court to enlarge the time for appeal.

*Lancaster*, 35 F.3d at 231-32; *Wilson*, 725 F.2d at 257.

Moon contends that we should deviate from that rule because he made diligent efforts to monitor the case. On March 14, 1996, Moon filed a Request for Clarification of Record. Having expedited a ruling in the case, however, counsel did not follow up with any independent attempt to discern the status of the case until fifty-eight days later, when he filed a Motion to Expedite. That motion, which was premised upon Moon's need to be with his ailing fiancé, merely encouraged prompt action by the district court, and likewise cannot substitute for counsel's own inquiry into the status of the case. We cannot say that counsel's single abandoned attempt to discern the status of the case prior to judgment compels the conclusion that the district court abused its discretion by refusing to reenter its judgment or to enlarge the time for appeal.

We have reviewed the briefs and record on appeal and can find no basis for holding that the district court abused its discretion by not applying Rule 4(a)(6) to expand the time allowed for appeal. Although Moon may have satisfied the technical time requirements of Rule 4(a)(6), that proposition does not transform the district court's denial of permissive relief that was never requested into an abuse of discretion.

**Enlarging the Time for Appeal - Rule 4(a)(5)**

Moon also contends that the district court's denial of his

Motion Requesting Reentering of Judgment was an abuse of discretion because he demonstrated excusable neglect for his failure to file a timely appeal. Rule 4(a)(5) provides, in relevant part:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). . . . No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Our opinions have repeatedly emphasized that the excusable neglect standard in Rule 4(a)(5) must be strictly interpreted to erect a high threshold. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199 (5th Cir. 1993) ("the excusable neglect standard is a strict one"); *Allied Steel v. City of Abilene*, 909 F.2d 139 (5th Cir. 1990) ("A strict construction of Rule 4(a)(1) necessarily and logically compels us to erect a high threshold in our determination of `excusable neglect' under Rule 4(a)(5).") (internal quotations omitted)). To hold otherwise would extend, as a matter of the district court's discretion, the jurisdictional time limits allowed for appeal by Rule 4(a). It is true that more recent decisions have suggested a certain loosening of the standard for excusable neglect. *E.g., United States v. Montes*, 65 F.3d 42 (5th Cir. 1995); *United States v. Clark*, 51 F.3d 42 (5th Cir. 1995) (both relying upon Supreme Court's adoption of a more permissive standard in *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 113 S. Ct. 1489 (1993)). Those cases afford no relief

9

in this case, where Moon's counsel offers no excuse for his failure to monitor the course of this litigation and no excuse for his failure to properly seek relief from that failure in the district court under Rule 4(a)(5).  *See* **Latham**, 987 F.2d at 1202-03 (rejecting party's claim that the clerk's failure to provide notice justified a finding of excusable neglect under Rule 4(a)(5) and holding that the party's failure to rely instead upon Rule 4(a)(6) was fatal to her claim for relief under Rule 4(a)(5)); *see also* **Pioneer**, 113 S. Ct. at 1499-1500 (atypical placement of bar date in notice of creditor's meeting created "drastic ambiguity" that excused counsel's failure to file timely claim).

## CONCLUSION

Moon's Motion Requesting Reentering of Judgment petitioned the district court to reenter the March 19 judgment, which would have had the effect of allowing Moon an additional sixty days to appeal. Neither Rule 60(b) nor Moon's assertion that he did not receive timely notice of the judgment authorized the district court to grant that relief.  To the extent that Moon's Motion Requesting Reentering of the Judgment can be liberally construed as requesting relief within the parameters of Rule 4(a)(5) or 4(a)(6), the district court's denial of that relief in the particular circumstances of this case was not an abuse of discretion.  Our conclusion that the district court did not abuse its discretion is

10

driven in large part by Moon's failure to frame his motion and request for relief in a manner consistent with that rule. Moon's failure to present that argument to the district court deprives this Court of the fact findings made predicate to the enlargement of time under Federal Rule of Appellate Procedure 4(a). Similarly, affording relief in this case would require the illogical conclusion that district court abused its discretion by denying permissive relief that was never requested in the district court.

For the foregoing reasons, the district court's denial of Moon's Motion Requesting Reentering of Judgment is **AFFIRMED.**